

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Eloween Mesch, R. N., Secretary-Treasurer
Board of Nurse Examiners
1035 Milam Building
San Antonio, Texas

Dear Mrs. Mesch:

Opinion No. O-5517
Re: Authority of Board of
Nurse Examiners under
Arts. 4518 and 4518a,
Vernon's Ann. Civ.
Statutes of Texas, to
permit granduation of
student nurses accord-
ing to Federal War-time
Accelerated Nurses
Training Program.

Public Law 74, 78th U. S. Congress, an Act pop-
ularly known as the "Bolton Act", provides for Federal aid
to nursing schools of the various states desiring to partic-
ipate in a program of accelerated war-time training of nurses.
The program is voluntary, both as to the school and individual
students taking part in the training. Both must meet certain
conditions prescribed by the Act and the regulations promul-
gated thereunder. The Federal Act itself makes clear the
fact that it was intended merely to supplement the training
program of the various states and a broad rule-making power
is entrusted to the Surgeon General so that the plan may be
adjusted to harmonize with the diverse state laws. The plan
terminates with the war and schools and students not partici-
pating are unaffected by it.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Meach, Page 2

From your request, we understand, it has been proposed under the "Bolton Act" and the regulations promulgated thereunder that accredited Texas nursing schools taking part in the program will give students applying and qualifying therefor a thirty months course of "combined study and practice" covering prescribed fundamental work and study and that this thirty months of training will then be supplemented by an additional six months of "supervised experience" to be had either in the same nursing school, another school, or a Federal hospital.

You wish to know if the thirty months of "combined study and practice" in the home school plus six months of "supervised experience" in another institution under the Federal plan will comply with Art. 4518a, Vernon's Ann. Civ. Statutes of Texas, which requires "three (3) full years of work and study" as a prerequisite to graduation in Texas.

Further inquiry is made as to whether Art. 4518a, Vernons Ann. Civ. Statutes of Texas, which requires the full three years of work and study "in such school", would permit recognition and allowance of credit toward graduation for the six months of "supervised practice" proposed to be completed under the Federal plan in another institution or Federal Hospital as distinguished from the home school where the thirty months of "combined study and practice" is done.

Article 4518 reads as follows:

"All special hospitals approved by the Board of Nurse Examiners, and general hospitals, which are equipped with not less than twenty-five (25) beds, and which have a daily annual average of not less than fifteen (15) patients, and which teach the course of study prescribed by the Board of Nurse Examiners of the State of Texas, are hereby constituted duly qualified and accredited nursing schools. A general hospital, as the term is here used, is a public or private institution where men, women and children are treated for all kinds of

Mrs. Mesch, Page 3

diseases, bodily injury, or physical deformity by means of both medical and surgical treatment, and which maintains an organized staff of physicians and surgeons licensed to practice medicine in the State of Texas."

Article 4518a reads, in part, as follows:

"No person shall be certified as a graduate of any such nursing school unless such person has had three (3) full years of work and study in such school under a registered nurse, two (2) years of which must be continuous in the school of nursing from which she has graduated, or two (2) continuous years in a special hospital and one (1) continuous full year in a general hospital . . ."

With reference to the first question, it is to be noted that under the latter statute quoted, "three (3) full years of work and study" are required for graduation. We think it is evident, both from the language of the statute and a consideration of the purpose to be accomplished, that this provision is mandatory and that the period required for graduation may not be shortened. However, the term "work and study" is not defined by the statute and we have no judicial interpretation to guide us. It is assumed that the use of this term is a recognition of the fact that a combination of formal study and actual working experience is necessary before a finished nurse may be produced. The statute does not attempt to prescribe the proportion of work to study in the process of training, nor does it require that formal classes shall be held for the entire three year period of training. We therefore see no reason why the Board could not approve by its regulations a plan which would intensify the formal study during the earlier part of the three year period and complete it with more stress on the work or practical experience. As we read the Federal plan, the "Bolton Act" and the Regulations of the Surgeon General, seek to do just that by intensifying the formal or basic training of the student nurse, requiring completion of the course in a maximum of thirty months (except in cases of students entering the school prior to January 1,

Mrs. Keech, Page 4


1942, where provision is made for thirty-two months of basic training), and by permitting the student thereafter to complete the period of training required for graduation under the State law by six months of additional "supervised experience" in another institution. Provided other requirements of our Texas statutes are met, we conclude that thirty months of "combined study and practice" plus six months of "supervised experience" would satisfy the Texas requirement of a "full three (3) years of work and study".

Passing to the next question, Art. 4518a requires the three full years of work and study to be done "in such school". We think it clear that this provision does not contemplate that the entire three years must be spent in the same school, but on the contrary, means that the three years must be spent in a school or schools accredited under the requirements of Art. 4518 and the regulations of the Board of Nurse Examiners. In fact, the statute itself recognizes the transfer of students among schools by requiring, in the case of work done in a general school, that two years of the work and study "must be continuous in the school of nursing from which she has graduated, . . .". And in the case of training had in a special hospital, "two (2) continuous years in a special hospital and one (1) continuous full year in a general hospital . . ." are required. Transfers have also been recognized and effectuated under the regulations of the Board of Nurse Examiners. See "Transfers", p. 10, "Policies, Regulations and Recommendations for the Accreditation of Texas Schools of Nursing."

In view of this interpretation of Art. 4518a, we see no legal objection to the training of a student for thirty months in one accredited general hospital nursing school and for an additional six months training in another accredited school, provided such subsequent transfer is approved by the board and other requirements for graduation are met. Naturally this would involve an investigation and approval for accreditation by the Board of Nurse Examiners of any institution or Federal hospital to which it was proposed to transfer a student for the last six months of her

Mrs. Mesch, Page 5

training, and such an institution would necessarily have to meet the requirements of Art. 4518 before it could be accredited. In this connection, we wish to point out that where thirty months of training was had in the student's home school (a general school) and subsequent transfer to a Federal hospital which had been duly accredited were allowed, then it would be necessary for the student after the completion of the six months additional training to re-transfer to the home school for graduation, otherwise the statutory requirement of two years of continuous training "in the school of nursing from which she has graduated" would not be met.

We trust that we have satisfactorily answered your inquiries in this matter and the data furnished us and which you requested us to return is enclosed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

EA:fo
J.G.C.

14, 1943

*Gerald C. Mann*

